IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:12CR225 |
| | § | |
| | § | |
| VICENTE BOTELLO SEGUNDO | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Corrected Motion for Suppression of Illegally Seized Evidence (Dkt. 19). After considering the evidence presented and the arguments of counsel at the December 11, 2012 hearing, the Court finds that the motion should be DENIED.

Defendant is charged with a violation of 8 U.S.C. § 1326(a) and (b), reentry of removed alien. The indictment in this matter alleges that on or about September 20, 2012, in the Eastern District of Texas, Defendant, an alien who was previously removed or deported on or about February 6, 2008 was present in Denton County, Texas without obtaining consent for re-application into the United States. *See* Dkt. 12.

Defendant's written motion to suppress argues that "he was subject to an illegal stop and search of his person and residence without a warrant and without probable cause." Dkt. 19 at 1. Defendant's motion contains no case-specific facts or argument. At the hearing held on the matter, Defendant argued for suppression of the arrest and subsequent search of his person and house; Defendant does not seek to suppress any specific tangible evidence or statements made by

1

Defendant.

The Government's written response and brief argument and testimony at the hearing fleshed out the underlying facts in this matter. According to the record here, on or about September 20, 2012, Defendant was encountered while departing his residence at 18620 Kelly Boulevard, Dallas, Texas, Denton County, just prior to the service of a narcotics search warrant obtained by the Carrollton Police Department for that location. It appears that Defendant was detained and arrested during the execution of the state court search warrant, after which it was discovered that he was in this country illegally and had been previously deported. The state court search warrant does not form the basis of any charges pending in this Court.

At the hearing held on the matter, the Government did not call any witnesses, relying on the fact that Defendant is only charged with illegal reentry and citing to case law that his presence in the United States cannot be suppressed.

Defendant called Agent Ron Martini who stated he was not present at the arrest of Defendant. Defendant next called Agent Tim Brown.[1] Brown testified that he was present when Defendant was detained during the execution of the state court search warrant. Brown stated that Defendant was detained after learning that Defendant had been previously deported. Brown stated that Defendant's immigration status was determined after receiving Defendant's identification which was run through a law enforcement support center. Brown stated that Defendant was taken from his home to the Carrollton jail and then taken into ICE custody after which he was subsequently taken to an ICE processing facility. Brown was not sure whether Defendant was held overnight prior to being taken

---

[1]Defendant invoked the Rule after calling and passing the first witness. The Court denied the request as untimely raised since it was not urged prior to all witnesses' testimony. *See* FED. R. EVID. 615.

2

to the ICE processing facility or what facility was used to house Defendant prior to the arrest.

Defendant next called Agent Mike McCurdy. McCurdy testified that he was present during the execution of the state court search warrant during which Defendant was detained. He testified that he did not personally detain or arrest Defendant, nor did he transport Defendant to any detention facility. McCurdy testified that Agent Hasso read Defendant his *Miranda* warnings as the search was ongoing.

No witness was able to testify to the contents of the state court warrant and no witness was an affiant to the state court warrant. At the hearing, Defendant made an oral request for the state court warrant and the Government responded that the state court case was an ongoing investigation and any disclosure of its contents must be made by state law enforcement officials in that pending investigation.

As stated at the hearing, the Court finds that there are no legal grounds to suppress Defendant's arrest. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. amend. IV. However, United States Supreme Court and Fifth Circuit precedent are clear that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible ... even if it is conceded that an unlawful arrest, search or interrogation occurred." *U.S. v. Alba*, 439 Fed. Appx. 291, 293 (5th Cir. 2011) (citing *I.N.S. v. Lopez–Mendoza,* 468 U.S. 1032, 1039, 104 S. Ct. 3479, 82 L. Ed.2d 778 (1984)). As recently explained by the Fifth Circuit, even if a defendant can show a constitutional violation, a defendant's identity is not suppressible. *Torres-Hernandez v. Holder*, 2012 WL 4328320, 1 (5th Cir. 2012) ("Even if she had shown a constitutional violation, the airport immigration agent obtained only her identity from her Texas identification card, and her identity is not suppressible."). As explained by

3

the Fifth Circuit in a case affirming the district court's denial of a motion to suppress evidence obtained as a result of a traffic stop of an individual who was found to be illegally in this country and charged, as here, with illegal reentry:

> The Defendant contends that the district court erred by denying his motion to suppress because Agent Gonzales stopped him without reasonable suspicion or probable cause. We disagree. The district court did not err by refusing to suppress the Defendant's identity. Even if the Defendant was illegally stopped, neither his identity nor his INS file are suppressible.
>
> We have held that a defendant's INS file need not be suppressed because of an illegal arrest. In *United States v. Pineda–Chinchilla,* 712 F.2d 942 (5th Cir. 1983), the defendant, an illegal alien who had been previous deported, was charged with illegally reentering the United States in violation of 8 U.S.C. § 1326. Maintaining that his arrest was illegal, the defendant moved to suppress his INS file as the "fruit of the poisonous tree." *Pineda–Chinchilla,* 712 F.2d at 943. The district court denied the defendant's motion and he was convicted. We affirmed the denial of the defendant's motion to suppress, holding that the defendant had no legitimate expectation of privacy in his INS file and, therefore, had no standing to challenge its introduction into evidence. *See id.* at 944.

*U.S. v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). Therefore, even if the Court were to find something unconstitutional about the search of the home or Defendant's detention, neither Defendant's identity nor the records of his previous convictions and deportations and convictions can be suppressed. The Court need not review the issuance or execution of the state court search warrant in order to determine the suppression issue in this case. The only charges in this Court are those of being present in this country without permission after having already been deported. Whether the state court warrant was properly executed is of little consequence to the Court's analysis here.

Moreover, although it declines to make a specific finding on the matter, the Court notes that, hearing the brief testimony elicited by Defendant, it is likely that officers had probable cause to

4

believe that Defendant was then and there violating § 1326 by being unlawfully present in the United States. In fact, the Fourth Amendment permitted the officers to stop and question Defendant, even without probable cause, where, as here, they had "reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002*); see also United States v. Cortez*, 449 U.S. 411, 417 (1981); *Terry v. Ohio*, 392 U.S. 1 (1968). Defendant has cited no case law or precedent to the contrary.

Given the clear Supreme Court and Fifth Circuit precedent, the Court finds Defendant's Corrected Motion for Suppression of Illegally Seized Evidence (Dkt. 19) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of December, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE